

325 HEIGHTS BLVD.
HOUSTON, TEXAS 77007
Direct: 713-333-3273
Main: 713-333-3270
Fax: 713-333-3275
sam@mtzfirm.com

September 8, 2025

<u>VIA EMAIL TO COURT'S CASE MANAGER</u>
The Honorable Dena Hanovice Palermo
U.S. District Court, Southern District of Texas
515 Rusk, Room 8608
Houston, Texas 77002

      Re:    Request for conference regarding dispute over Interim Docket Control Order in *Hernandez v. Carniceria Prime Meat Market, LLC*, No. 4:25-cv-02298

Dear Judge Palermo:

1. <u>Case background and Parties' discussions underlying dispute</u>

    This case is a putative collective action under the Fair Labor Standards Act for minimum wage and overtime payments to hourly workers employed by the Defendants (the "Hourly Workers"). Defendants have asserted a defense that the Hourly Workers are not employees but are independent contractors of the Defendants.

    At the Parties' scheduling conference on August 13, 2025, you ordered the Parties to agree to an interim docket control order ("IDCO") by August 15, 2025, to govern discovery prior to Plaintiff's Motion for Notice to the proposed putative class. The Parties sought, and you granted, an extension until today to submit the IDCO or a letter regarding any disagreement. Via an email late on September 4 to Ms. Felchak, Defendants' counsel Mr. Buller asked for a week's extension (unopposed by Plaintiff) to submit the agreed IDCO because Defendants now seek to change counsel. Ms. Felchak responded today that she would confirm with you. Out of an abundance of caution, Plaintiffs send this letter to comply with the Court's deadline of today.

    The Parties still have been unable to reach complete agreement on an IDCO to govern discovery prior to Plaintiff's filing a Motion for Notice. Defendant's counsel sent a proposed IDCO to Plaintiff's counsel on August 22, 2025. Plaintiff provided a counter the following day, August 23, 2025. Defendant's counsel Joseph "Jay" Buller and I have spoken via telephone at least twice since that time, on August 23 and September 4. I also have sent emails to all counsel of record asking for a response to our August 23 proposal multiple times. In my most recent call with Mr. Buller on September 4, 2025, Mr. Buller advised that Defendants have not responded because of their decision to hire new counsel to represent them. As of today, Defendants have not identified this new counsel. Mr. Buller stated that Defendants would like for this new, unidentified firm to work with Plaintiff's counsel regarding the scope of the IDCO.

2. <u>Terms of dispute in the IDCO</u>

I have urged Mr. Buller in our last conversation, and then in emails to defense counsel on September 5, 7, and again today, to agree to an IDCO with deadlines for discovery and briefing on the Motion for Notice. Based on comments made in my last phone call with Mr. Buller, it appears that Defendants are in agreement with the dates as set forth in Exhibit A to this letter, although Defendants' counsel will need to confirm this.

The Parties disagree as to whether and to what extent there should be limits on depositions and written discovery during this initial discovery phase. Defendants proposed that the Parties jointly have only two hours of depositions; and that each Party may propound only five interrogatories and ten requests for production. The independent contractor defense is comprehensive and examines multiple aspects of the employment relationship; notwithstanding this, Plaintiff provided a counterproposal with some limits on discovery, to wit, that the Parties be granted two depositions each in this initial phase, and that each may propound 15 interrogatories and unlimited requests for production and admission. However, in last week's and this week's communications, I instead urged Defendants to agree to enter the IDCO with Plaintiff's proposed deadlines, and to let any disputes regarding scope or amount of discovery be decided by the Court later, if necessary. The Parties both agree that the scope of this discovery must conform with the Fifth Circuit's holdings in *Swales v. KLLM Transport Services, L.L.C.*, 985 F.3d 430 (5th Cir. 2021), and its progeny, and agree that initial discovery should be limited to whether there exists a group of "similarly situated" individuals to Plaintiff pursuant to 29 U.S.C. § 216(b).

Plaintiff is very concerned that the substitution of counsel will result in further delay, and requests a conference this week to resolve this issue; or in the alternative, for the Court to enter the IDCO with deadlines only that is attached as Exhibit A. It is the Plaintiff's position that there is no need for pre-set limits on discovery. Plaintiffs are willing to be reasonable in this initial discovery, and Defendants may move for protection from any burdensome discovery.

Very truly yours,

Samantha Martinez

Cc:   Amanda Hernandez, Counsel for Plaintiff
      Counsel for Defendants