**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **ALEXIS HERNANDEZ, Individually and for Others Similarly Situated,** | § § § | |
| *Plaintiffs,* | § | **Case No.: 4:25-cv-02298** |
| | § | |
| **v.** | § | |
| | § | |
| **CARNICERIA PRIME MEAT MARKET, LLC; CPMM PORTER, LLC; REYNALDO PONCE; and BRANCO RAMIREZ,** | § § § § | |
| *Defendants.* | § | |

<u>**DEFENDANTS' AMENDED ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**</u>

  Defendants Carniceria Prime Meat Market, LLC ("Carniceria"), CPMM Porter, LLC ("CPMM Porter"), Reynaldo Ponce ("Ponce"), and Branco Ramirez ("Ramirez") (together "Defendants" or individually a "Defendant") file their Amended Answer to the Original Complaint of Plaintiff Alexis Hernandez ("Hernandez" or "Plaintiff"). Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants respond to the numbered allegations below. Defendants deny all allegations not expressly admitted.

**INTRODUCTION**

  1.  In response to the allegations contained in Paragraph 1, Defendants acknowledge that Plaintiff purports to bring this action under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201, *et seq.* and Texas common law. Defendants further state that any classification issues were based on good faith guidance previously provided by an outside consultant. In early 2025—before the lawsuit was filed—Defendants' newly-engaged internal accountant advised that certain practices might require review. Defendants immediately began

evaluating and correcting their classification and payroll practices based on that internal review.

2.    The allegations contained in Paragraph 2 assert a legal conclusion to which Defendants need not respond. The legal citation contained in Paragraph 2 speaks for itself. Defendants deny the remaining allegations contained in Paragraph 2.

3.    Defendants acknowledge that Plaintiff asserts claims for allegedly unpaid wages and other damages and asserts her FLSA claims on behalf of herself and on behalf of a putative collective. Defendants deny that Plaintiff is entitled to the full scope of relief she seeks and expressly deny that any alleged classification issues were intentional or willful. Defendants specifically deny that conditional certification of a collective action is appropriate because individualized issues predominate and Plaintiff is not similarly situated to all putative workers. Defendants deny the remaining allegations in Paragraph 3.

4.    Defendants admit that Plaintiff performed work for one or more of the business entities identified in the Complaint. Defendants deny the remaining allegations in Paragraph 4, including but not limited to Plaintiff's use of the term "Straight Time Workers," which is a characterization created by Plaintiff for litigation purposes and does not reflect the structure, variations, or individualized circumstances of the work relationship at issue.

5.    Defendants admit that Plaintiff was compensated on an hourly basis. Defendants deny the remaining allegations contained in Paragraph 5, including but not limited to Plaintiff's use of the term "Straight Time Workers," which is a characterization created by Plaintiff for litigation purposes and does not reflect the structure, variations, or individualized circumstances of the work relationship at issue.

6.    Defendants deny that work exceeding 40 hours in a week was "regular" for the individuals Plaintiff describes as "Workers." Defendants deny the remaining allegations contained

in Paragraph 6, including but not limited to Plaintiff's use of the term "Straight Time Workers," which is a characterization created by Plaintiff for litigation purposes and does not reflect the structure, variations, or individualized circumstances of the work relationship at issue.

7.      Defendants deny that they knowingly or willfully misclassified any workers. Defendants state that, at the time, classification decisions were made in good faith reliance on guidance provided by a consultant whom Defendants—young and inexperienced business owners—reasonably believed to be knowledgeable in payroll matters. Defendants did not understand that the advice may have been inaccurate. After separating from the consultant in 2024 due to trust concerns, Defendants hired an internal accountant who, in early 2025, before this suit was filed, advised that certain workers should be treated as employees for payroll purposes. Defendants immediately began reviewing and correcting their practices based on that internal guidance. Defendants deny any willful violations of the FLSA and deny the remaining allegations contained in Paragraph 7, including but not limited to Plaintiff's use of the term "Straight Time Workers," which is a characterization created by Plaintiff for litigation purposes and does not reflect the structure, variations, or individualized circumstances of the work relationship at issue.

8.      Defendants admit that, during certain periods, Plaintiff was compensated at an hourly rate for the hours she reported working. Defendants deny that any such uniform practice applied to all individuals who performed work for Defendants or that any workers were subject to a single, company-wide "straight time for overtime" policy. Defendants deny the remaining allegations in Paragraph 8, including but not limited to Plaintiff's use of the term "Straight Time Workers," which is a characterization created by Plaintiff for litigation purposes and does not reflect the structure, variations, or individualized circumstances of the work relationship at issue.

9.      Defendants deny the allegations contained in Paragraph 9.  Defendants further deny

the use of the term "Straight Time Workers," which is a characterization created by Plaintiff for litigation purposes and does not reflect the structure, variations, or individualized circumstances of the work relationship at issue.

10.      Defendants deny the allegations contained in Paragraph 10. Defendants further deny the existence of any group of "Straight Time Workers," which is a characterization created by Plaintiff for litigation purposes and does not reflect the structure, variations, or individualized circumstances of the work relationship at issue.

## PARTIES

11.      Defendants admit that Carniceria Prime Meat Market, LLC is a Texas limited liability company that is authorized to do business in Texas and currently is doing business in Texas. Defendants admit that Carniceria may be served in accordance with Texas law and the Federal Rules of Civil Procedure. Defendants deny the remaining allegations contained in Paragraph 11.

12.      Defendants admits that CPMM Porter, LLC is a Texas limited liability company that is authorized to do business in Texas and currently is doing business in Texas. Defendants admit that CPMM Porter's registered agent is Potentia Advisors, LLC, which is located at 8146 Thompson Lake Dr., Missouri City, Texas 77459. Defendants admit that CPMM Porter may be served in accordance with Texas law and the Federal Rules of Civil Procedure. Defendants deny the remaining allegations contained in Paragraph 12.

13.      Defendants admit that Reynaldo Ponce is an individual who resides in Harris County, Texas at 13222 Chimney Sweep Dr., Houston, Texas 77041. Defendants admit that Ponce may be served in accordance with Texas law and the Federal Rules of Civil Procedure. Defendants deny the remaining allegations contained in Paragraph 13.

14.     Defendants admit that Branco Ramirez is an individual who resides in Harris County, Texas at 7222 Bayou Oaks Dr., Houston, Texas 77088. Defendants admit that Ramirez may be served in accordance with Texas law and the Federal Rules of Civil Procedure. Defendants deny the remaining allegations contained in Paragraph 14.

15.     Defendants admit that Alexis Hernandez is an individual. Defendants are without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 15.

16.     Defendants acknowledge that Plaintiff purports to bring her FLSA claims on behalf of herself and on behalf of a putative collective. Defendants deny that certification of a collective in this matter is appropriate under applicable law. Defendants further deny Plaintiff's characterization that other individuals were "paid straight time for overtime" or that they are similarly situated to Plaintiff; this terminology is a litigation construct and does not reflect the individualized circumstances of different workers. Defendants deny the remaining allegations contained in Paragraph 16.

17.     Defendants acknowledge that Plaintiff purports to bring her FLSA claims on behalf of herself and on behalf of a putative collective and that she provides a proposed collective definition in Paragraph 17. Defendants deny that certification of Plaintiff's proposed collective or any collective is appropriate under applicable law.  Defendants expressly deny the existence of any group fitting Plaintiff's definition, deny that any individuals were subject to a uniform "straight time for overtime" method as described, and deny the use of the term "Straight Time Workers," which is a litigation construct that does not reflect Defendants' actual practices or the individualized circumstances of different workers. Defendants deny the remaining the allegations contained in Paragraph 17.

**JURISDICTION AND VENUE**

18.     Defendants admit that this Court has jurisdiction over this matter.

19.     Defendants admit that this Court is an appropriate venue for this matter. Defendants admit that Plaintiff performed work for one or more Defendant entities. Defendants deny that Carniceria and CPMM Porter are headquartered within Montgomery County, Texas, but admit that they are headquartered within Harris County, Texas. Defendants deny the remaining allegations contained in Paragraph 19.

**COVERAGE UNDER THE FLSA**

20.     Defendants admit that Carniceria Prime is a business entity that operates a retail meat market and that Plaintiff performed work for it. Defendants deny the remaining allegations contained in Paragraph 20.

21.     Defendants admit that CPMM Porter, LLC is a business entity that operates a retail meat market and that Plaintiff performed work for it. Defendants deny the remaining allegations contained in Paragraph 21.

22.     Defendants deny the allegations contained in Paragraph 22.

23.     Defendants deny the allegations contained in Paragraph 23.

24.     Defendants deny the allegations contained in Paragraph 24.

25.     Defendants deny that Reynaldo Ponce acted as Plaintiff's "employer" under the FLSA, whether directly or indirectly, and deny any legal conclusion suggesting individual liability. Defendants further deny the use of the term "Straight Time Workers," which is a litigation-created label that does not reflect the individualized circumstances under which different individuals

performed work for Defendants. Defendants admit only that Ponce, in his capacity as a business owner, participated in high-level oversight of certain business operations. Defendants deny the remaining allegations in Paragraph 25.

26.     Defendants deny that Branco Ramirez acted as Plaintiff's "employer" under the FLSA, whether directly or indirectly, and deny any legal conclusion suggesting individual liability. Defendants further deny the use of the term "Straight Time Workers," which is a litigation-created label that does not reflect the individualized circumstances under which different individuals performed work for Defendants. Defendants admit only that Ramirez, in his capacity as a business owner, participated in high-level oversight of certain business operations. Defendants deny the remaining allegations in Paragraph 26.

27.     Defendants admit the allegations contained in Paragraph 27.

28.     Defendants admit the allegations contained in Paragraph 28.

29.     Defendants deny the allegations contained in Paragraph 29.

30.     Defendants deny the allegations contained in Paragraph 30.

31.     Defendants deny the allegations contained in Paragraph 31.

32.     Defendants deny the allegations contained in Paragraph 32.

33.     The allegations contained in Paragraph 33 consist of legal conclusions to which Defendants need not respond.

34.     The allegations contained in Paragraph 34 consist of legal conclusions to which

Defendants need not respond.

35.     To the extent the allegations contained in Paragraph 35 allege that Carniceria and CPMM engaged in commerce or in the production of goods for commerce, these allegations consist of legal conclusions to which Defendants need not respond. Defendants admit that their respective businesses involve the sale of meat to consumers. Defendants deny the remaining allegations contained in Paragraph 35.

36.     Defendants deny the allegations contained in Paragraph 36.

37.     Defendants admit that Plaintiff performed work for one or more Defendant entities. Defendants deny, however, that any other individuals identified by Plaintiff fit the litigation-created definition of "Straight Time Workers" or that they share the same factual circumstances as Plaintiff. Defendants further deny that any uniform group of similarly situated "employees" existed for purposes of collective treatment. Defendants deny the remaining allegations in Paragraph 37.

38.     Defendants admit only that Plaintiff performed work that involved handling products or transactions that had previously moved in interstate commerce. Defendants deny Plaintiff's characterization of "other Straight Time Workers," deny that any such uniform group existed, and deny that other individuals performed work under the same circumstances as Plaintiff. Defendants the remaining allegations contained in Paragraph 38.

39.     Defendants deny the allegations contained in Paragraph 39.

40.     Defendants admit that Plaintiff was compensated at an hourly rate for the hours she reported working. Defendants deny that any such compensation practices were uniformly applied

to all individuals who performed work for Defendants, deny the existence of any "Straight Time Workers," and deny that any uniform pay policy existed as alleged. Defendants further state that any historical payroll or classification practices varied by individual, role, and location, and were based on guidance from an outside consultant whom Defendants reasonably relied upon. Defendants deny the remaining allegations contained in Paragraph 40.

41.     Defendants deny the allegations contained in Paragraph 41.

42.     Defendants deny the allegations contained in Paragraph 42.

43.     Defendants deny the allegations contained in Paragraph 43.

44.     Defendants deny the allegations contained in Paragraph 44.

45.     Defendants admit that tips were pooled among certain independent contractors retained by Carniceria and CPMM Porter. Defendants deny that the allegations contained in Paragraph 45 accurately describe the tip pooling among independent contractors. Defendants deny the remaining allegations contained in Paragraph 45.

46.     Defendants deny the allegations contained in Paragraph 46.

## ABBEVIATED BACKGROUND & FACTS

47.     Defendants admit the allegations contained in Paragraph 47.

48.     Defendants admit the allegations contained in Paragraph 48.

49.     Defendants deny the allegations contained in Paragraph 49.

50.     Defendants admit that Carniceria Prime Meat Market, LLC was registered with the Texas Secretary of State's office in 2021. Defendants admit that CPMM Porter, LLC was registered with the Texas Secretary of State's office in 2023. Defendants deny the remaining allegations contained in Paragraph 50.

51.     Defendants acknowledge that the allegations contained in Paragraph 51 appear to describe a list of entities that are registered with the Texas Secretary of State's office and contain the phrase "CPMM" in the name. Defendants deny the remaining allegations contained in Paragraph 51.

52.     Defendants deny the allegations contained in Paragraph 52.

53.     Defendants deny the allegations contained in Paragraph 53.

54.     Defendants admit that tips were pooled among certain workers retained by Carniceria and CPMM Porter. Defendants deny that the allegations contained in Paragraph 54 accurately describe the tip pooling. Defendants deny the remaining allegations contained in Paragraph 54.

55.     Defendants deny that they controlled all meaningful aspects of Plaintiff's work or the work of any other individuals, and deny that any such uniform control existed across workers. Defendants further deny the use of Plaintiff's term "Straight Time Workers," which inaccurately characterizes the varied circumstances under which different individuals performed work for Defendants. Defendants admit only that Plaintiff received general direction related to her job duties while performing work for certain Defendant entities. Defendants deny the remaining allegations in Paragraph 55.

56.     Defendants deny the allegations contained in Paragraph 56. Defendants specifically

deny the existence of any group of individuals fitting Plaintiff's definition of "Straight Time Workers," and deny that any uniform rate-or-method-of-pay practice existed.

57.    Defendants deny the allegations contained in Paragraph 57. Defendants specifically deny the existence of any group Plaintiff refers to as "Straight Time Workers," and deny that any uniform scheduling or assignment practices applied across all workers.

58.    Defendants deny the allegations contained in Paragraph 58. Defendants further deny the existence of any uniform group of "Straight Time Workers," and deny that Defendants exercised control over workers in the uniform manner alleged.

59.    Defendants deny the allegations contained in Paragraph 59. Defendants further deny the existence of any group of "Straight Time Workers" or any uniform set of policies or procedures applied to all individuals who performed work for Defendants.

60.    Defendants deny the allegations contained in Paragraph 60. Defendants specifically deny the existence of any group of "Straight Time Workers" and deny that any uniform quality-standard requirement existed as alleged.

61.    Defendants deny the allegations contained in Paragraph 61. Defendants further deny the existence of any group Plaintiff labels as "Straight Time Workers" and deny that supervision or direction was uniform across workers.

62.    Defendants deny the allegations contained in Paragraph 62. Defendants specifically deny the existence of any group described as "Straight Time Workers" and deny that any standardized plans, procedures, or checklists governed the work of all individuals.

63.    Defendants deny the allegations contained in Paragraph 63. Defendants further deny the existence of any group Plaintiff refers to as "Straight Time Workers" and deny that any uniform

practices existed with respect to tools or equipment provided.

64.    Defendants deny the allegations contained in Paragraph 64. Defendants specifically deny the existence of a group of individuals fitting Plaintiff's definition of "Straight Time Workers" and deny that any uniform characterization of worker skills applies across all individuals who performed work for Defendants.

65.    Defendants are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 65 that describe the subjective intent of Plaintiff (and other individuals) to rely on consideration paid for their work. Defendants deny the remaining allegations contained in Paragraph 65.

66.    Defendants deny the allegations contained in Paragraph 66. Defendants deny the existence of any uniform group of "Straight Time Workers" and deny that any such individuals were prevented from marketing services or otherwise acted uniformly in that regard.

67.    Defendants are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 67.

68.    Defendants deny the allegations contained in Paragraph 68. Defendants specifically deny that they set schedules in a uniform manner for any group of individuals or that any group of "Straight Time Workers" was prohibited from working other jobs. Defendants deny the remaining allegations.

69.    Defendants deny the allegations contained in Paragraph 69. Defendants specifically deny the existence of any group of individuals fitting Plaintiff's definition of "Straight Time Workers" and, on that basis, deny all allegations directed toward such a group.

70.    Paragraph 70 states a legal conclusion for which no response is required.

71.    Defendants deny the allegations contained in Paragraph 71.

72.    Defendants deny the allegations contained in Paragraph 72.

73.    Defendants deny the allegations contained in Paragraph 73.

74.    Defendants deny the allegations contained in Paragraph 74.

75.    Defendants deny the allegations contained in Paragraph 75.

76.    Defendants deny the allegations contained in Paragraph 76. Defendants further deny the existence of any group of individuals fitting Plaintiff's definition of "Straight Time Workers," and on that basis deny all allegations directed to such a group.

77.    Defendants deny the allegations contained in Paragraph 77, , and specifically deny Plaintiff's characterization of any purported group of "Straight Time Workers" or that any uniform method was applied to such a group.

78.    Defendants admit that Plaintiff was retained to work at a store located in Conroe, Texas for certain days. Defendants deny the remaining allegations contained in Paragraph 78.

79.    Defendants admit that Plaintiff was compensated for each hour worked. Defendants deny the remaining allegations contained in Paragraph 79.

80.    Defendants deny the allegations contained in Paragraph 80.

81.    Defendants admit that Plaintiff was asked to track the number of hours she worked for respective entities. Defendants deny the remaining allegations contained in Paragraph 81.

82.    Defendants deny the allegations contained in Paragraph 82. Defendants specifically deny that they knew Plaintiff worked more than forty hours in any workweek without proper compensation and deny that they intentionally or willfully chose not to pay her overtime wages. Defendants deny the remaining allegations in Paragraph 82.

83.     Defendants admit that Plaintiff was compensated for each hour worked. Defendants deny that any "straight time for overtime" pay method existed or caused Plaintiff to be deprived of overtime compensation. Defendants deny the remaining allegations in Paragraph 83.

84.     Defendants deny the allegations contained in Paragraph 84. Defendants specifically deny the existence of any group of workers fitting Plaintiff's definition of "Straight Time Workers" and deny that any uniform pay practice or compensation method was applied across workers. Defendants deny the remaining allegations contained in Paragraph 84.

85.     Defendants admit that certain workers retained by Carniceria and CPMM Porter were compensated for each hour worked. Defendants specifically deny the existence of any group of individuals fitting Plaintiff's definition of "Straight Time Workers," and deny that other individuals were compensated in the uniform manner alleged. Defendants deny the remaining allegations contained in Paragraph 85.

86.     Defendants admit that certain workers retained by Carniceria and CPMM Porter were asked to track the number of hours they worked for respective entities. Defendants further deny the existence of any group Plaintiff labels as "Straight Time Workers" and deny that any uniform timekeeping practice applied across all individuals who performed work for Defendants. Defendants deny the remaining allegations contained in Paragraph 86.

87.     Defendants admit that Carniceria and CPMM Porter maintain records that track the number of hours reported as worked by certain workers retained by those entities. Defendants specifically deny the existence of any group of "Straight Time Workers" and deny that any uniform recordkeeping practices applied across an alleged group. Defendants deny the remaining allegations contained in Paragraph 87.

88.     Defendants deny the allegations contained in Paragraph 88. Defendants specifically

deny that any records reflect a uniform group of "Straight Time Workers" or that any such individuals regularly worked more than forty hours in a workweek as alleged.

89.    Defendants deny the allegations contained in Paragraph 89. Defendants further deny the existence of any group of individuals fitting Plaintiff's definition of "Straight Time Workers" and deny that any such individuals uniformly worked more than forty hours in any workweek.

90.    Defendants deny the allegations contained in Paragraph 90. Defendants specifically deny the existence of any group of individuals fitting Plaintiff's definition of "Straight Time Workers," and deny that any uniform compensation practice was knowingly applied across such a group. Defendants deny the remaining allegations in Paragraph 90.

91.    Defendants admit only that Plaintiff was compensated on an hourly basis for reported hours worked. Defendants deny the existence of any group of individuals fitting Plaintiff's definition of "Straight Time Workers," and deny that compensation practices were uniform across workers. Defendants deny the remaining allegations contained in Paragraph 91.

92.    Defendants admit only that Plaintiff was compensated on an hourly basis for reported hours worked. Defendants deny the existence of any group of individuals fitting Plaintiff's definition of "Straight Time Workers," and deny that any uniform compensation practice existed as alleged. Defendants deny the remaining allegations contained in Paragraph 92.

93.    Defendants deny the allegations contained in Paragraph 93. Defendants specifically deny that any group of "Straight Time Workers" existed or that any individuals were uniformly classified, treated, or deemed non-exempt for purposes of the FLSA. Defendants deny the remaining allegations in Paragraph 93.

94.    Defendants deny the allegations contained in Paragraph 94. Defendants specifically deny that they willfully violated the FLSA, deny that any "Straight Time Worker" group existed,

and deny that any uniform pay method was applied to any individuals. Defendants deny the remaining allegations in Paragraph 94.

## COLLECTIVE ACTION ALLEGATIONS

95.     Defendants incorporate their responses to each preceding paragraph as if fully set forth herein.

96.     Defendants deny the allegations in Paragraphs 96 through 121. Defendants specifically deny the existence of any group of individuals fitting Plaintiff's definition of "Straight Time Workers," deny that any uniform pay method or compensation policy existed across workers, and deny that Plaintiff is similarly situated to any other individuals for purposes of collective treatment under the FLSA. Defendants further deny that any willful violation of the FLSA occurred. Defendants deny all remaining allegations contained in Paragraphs 96 through 121.

## PLAINTIFF'S ALLEGATION THAT DEFENDANTS' ACTIONS WERE KNOWING, WILLFILL, AND DONE IN RECKLESS DISREGARD FOR THE FLSA

97.     Defendants incorporate their responses to each preceding paragraph as if fully set forth herein.

98.     Defendants deny the allegations in Paragraphs 122 through 136. Defendants specifically deny that they acted knowingly, willfully, or in reckless disregard of the FLSA; deny the existence of any group of individuals fitting Plaintiff's definition of "Straight Time Workers"; deny that any uniform pay method or compensation policy existed; and deny that Defendants failed to act in good faith. Defendants further deny all allegations suggesting that Defendants knew of any FLSA violation, failed the salary-basis test, or engaged in any conduct supporting willfulness or extended limitations. Defendants deny all remaining allegations contained in Paragraphs 122 through 136.

## CAUSES OF ACTION: FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

99.    Defendants incorporate their responses to each preceding paragraph as if fully set forth herein.

100.    In response to Paragraph 138, Defendants acknowledge that Plaintiff asserts claims for allegedly unpaid wages and other damages and asserts her FLSA claims on behalf of herself and on behalf of a putative collective. Defendants deny that Plaintiff is entitled to any of the relief sought. Defendants specifically deny that certification of a collective action in this matter is appropriate under applicable law. Defendants deny the remaining allegations contained in Paragraph 138.

101.    Defendants deny the allegations contained in Paragraphs 139 through 144. Defendants specifically deny that they violated or are violating the FLSA; deny that Plaintiff or any individuals fitting Plaintiff's litigation-created definition of "Straight Time Workers" were employed as non-exempt employees; deny that any uniform compensation policy or "straight time for overtime" method existed; deny that any unpaid overtime wages are owed; deny that any willful or reckless conduct occurred; and deny that any basis exists for liquidated damages, a three-year statute of limitations, attorneys' fees, or costs. Defendants deny all remaining allegations contained in Paragraphs 139 through 144.

## CAUSE OF ACTION: FAILURE TO PAY MINIMUM WAGE UNDER THE FLSA

102.    Defendants deny the allegations contained in Paragraph 145.

## CAUSE OF ACTION: BREACH OF CONTRACT

103.    Defendants deny the allegations contained in Paragraph 146.

**JURY DEMAND**

104.    Defendants deny that Plaintiff has a right to a jury trial on the claims and allegations set forth in the Complaint.

**RELIEF SOUGHT**

105.    Defendants deny the allegations contained in the paragraph titled "Relief Sought" and deny that Plaintiff, or any other individual, is entitled to any relief against any of the Defendants, based upon the claims and allegations contained in the Complaint.

**DEFENDANTS' DEFENSES AND AFFIRMATIVE DEFENSES**

Without conceding that they bear the burden of proof as to any issue, Defendants asserts the following defenses and affirmative defenses to some or all of Plaintiff's claims and/or requests for damages, each in the alternative and to the extent necessary and applicable. Additionally, Defendants assert each of these defenses and affirmative defenses to the claims of Plaintiff and to the putative claims of any alleged member of the putative collective alleged by Plaintiff.

106.    Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Complaint fails to state a claim, in whole or in part, upon which relief may be granted against Defendants.

107.    Defendants deny that they violated the FLSA or any other law. At all relevant times, Defendants acted reasonably, in good faith, and in compliance with their understanding of applicable wage-and-hour requirements, including guidance previously provided by consultant.

108.    At all times relevant to the Complaint, Defendants Ponce and Branco did not

exercise the types of control over significant aspects of the business of Carniceria or CPMM Porter that are required to hold an individual liable for allegedly unpaid wages under the FLSA.

109.    Without admitting any violation of the FLSA or any other law, any act or omission by Defendants with respect to the matters at issue was made in good faith and in compliance with all applicable statutes, regulations, rules, orders, and rulings. Defendants acted reasonably and in good faith at all times material to this proceeding, based on the facts and circumstances available and known to them at the time. Defendants had reasonable grounds to believe that any acts or omissions did not violate the FLSA or any other law.

110.    Defendants further assert that in early 2025, before this suit was filed, they hired an internal accountant who advised reviewing and adjusting classification and payroll practices. Defendants promptly began corrective actions at that time, demonstrating good faith and negating any allegation of willfulness.

111.    To the extent applicable, and without waiving any other defense, Defendants assert that some individuals referenced in the Complaint were retained as independent contractors and not as FLSA employees during certain periods.

112.    Plaintiff's claims are barred, in whole or in part, to the extent the alleged actions or inactions of Defendants' agents, employees, contractors, or representatives (if they occurred) were not performed or taken within the course and scope of their employment.

113.    If Plaintiff performed work activities that she did not record as work and for which she was not paid, Defendants did not permit, know of, or have reason to know of those work activities or the time spent performing those activities. Thus, time spent performing such activities does not constitute "hours worked" or "employment" for which compensation is due.

114.    The activities for which Plaintiff seeks compensation were not "work" under

the meaning of the FLSA. The activities were not integral and indispensable to the principal activities of her work and/or were for her own benefit or convenience. To the extent Plaintiff worked any uncompensated time, Defendants lacked actual or constructive knowledge of such work activities or the time spent performing those activities.

115.    Some or all of the time Plaintiff spent performing allegedly uncompensated work, if any, does not count as hours worked or compensable time because of the following activities performed were not suffered or permitted; (b) the time was commuting, traveling, walking, or waiting time that is excluded from hours worked; (c) the time was preliminary or post-liminary time that is excluded from hours worked; (d) the time is de minimis time that is excluded from hours worked; (e) the time is otherwise excluded from hours worked under the Portal-to-Portal Act, 29 U.S.C. §§ 251, *et seq*., and related provisions; (f) the time is non-compensable under relevant custom and practice; and/or (g) the alleged work or activities did not occur or were not actually conducted.

116.    Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff did not work overtime.

117.    Plaintiff's claims are barred, in whole or in part, because she and alleged members of the putative class were compensated at an effective hourly rate that exceeded minimum wage at all times relevant to the Complaint.

118.    All or part of the claims are barred by the two-year statute of limitations and/or any other applicable statute of limitations.

119.    Plaintiff's claims are barred, in whole or in part, by the doctrine(s) of waiver, laches, consent, acquiescence, ratification, unclean hands, failure of conditions precedent, after-acquired evidence, mitigation, res judicata, statute-of frauds, statute or other periods of

repose or limitations, accord and satisfaction, spoliation, lack of authority, collateral or judicial estoppel, and/or negligent or intentional misrepresentation.

120.    Plaintiff's claims are barred, in whole or in part, by applicable equitable doctrines, including estoppel and failure to mitigate, to the extent supported by the facts developed in discovery.

121.    No act or omission of Defendants that is alleged to have violated the FLSA was willful, knowing, or in reckless disregard for the provisions of the law. Therefore, Plaintiff is not entitled to penalty, multiplication of or addition to damages (including liquidated damages), or extension of any statute of limitations period.

122.    Plaintiff's claims are barred by the doctrine of estoppel.  Plaintiff is estopped from bringing a cause of action under the FLSA, or from receiving time and one-half for any hours worked in excess of forty in a work week because she, among other things, accepted the denominated rate of pay and/or failed or refused to comply with the prevailing terms, conditions, policies, and/or procedures governing her work with any Defendant. To the extent the evidence shows Plaintiff may have misled Defendants concerning working hours or compensable activities, Plaintiff should not profit from these actions.

123.    No award of attorneys' fees could be appropriate or reasonable for Plaintiff under the FLSA because Plaintiff was paid above minimum wage, was paid all amounts due, and failed to identify or report the time or amounts she seeks or claims as due.

124.    Defendants hereby give notice that they may rely upon other applicable defenses and affirmative defenses as may become available or apparent during discovery in this case.

125.    Defendants hereby reserve the right to amend this Answer, to add additional

defenses or affirmative defenses, to delete or withdraw any of its defenses or affirmative defenses, to seek attorneys' fees and costs under any applicable law, and to add counterclaims as may become necessary after a reasonable opportunity for discovery.

## CONCLUSION AND PRAYER FOR RELIEF

Defendants respectfully request the following:

a.      Plaintiff take nothing in this suit;

b.      Plaintiff's claims be dismissed with prejudice;

c.      All relief requested by Plaintiff be denied;

d.      Plaintiff's request for certification of a collective be denied;

e.      This Court enter final judgment in favor of Defendants and against Plaintiff on all claims; and

f.      This Court award Defendants their costs of court and such other and further relief, at law or in equity, to which Defendants may show themselves justly entitled.

Dated: November 24, 2025.

**LAURA HERNANDEZ LAW, PLLC**

*/s/ Laura A. Hernandez*
Laura A. Hernandez
Fed. Bar No. 2935637
Texas SBN: 24100107
Email: LHernandez@laurahernandezlaw.com
7008 Capitol St.
Houston, TX 77011
Telephone: (281) 784-0355
Facsimile: (281) 784-0356

**CERTIFICATE OF SERVICE**

I hereby certify that on November 24, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/s/ Laura A. Hernandez*
Laura A. Hernandez